UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROSE MARIE DIMASI,

    Plaintiff,

v.                                        Case No. 8:23-cv-2265-VMC-TGW

USAA GENERAL INDEMNITY COMPANY,

    Defendant.
_____/

**ORDER**

This cause comes before the Court sua sponte. For the reasons that follow, this case is remanded to state court for lack of subject matter jurisdiction.

**Discussion**

"Federal courts have limited subject matter jurisdiction." <u>Morrison v. Allstate Indem. Co.</u>, 228 F.3d 1255, 1260-61 (11th Cir. 2000). As such, "[a] federal court not only has the power but also the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." <u>Fitzgerald v. Seaboard Sys. R.R., Inc.</u>, 760 F.2d 1249, 1251 (11th Cir. 1985).

Plaintiff initiated this uninsured motorist benefits case in state court in March 2023, and filed an amended complaint on September 5, 2023. (Doc. # 1-1; Doc. # 1-3).

1

Thereafter, on October 5, 2023, Defendant removed the case to this Court on the basis of diversity jurisdiction. (Doc. # 1).

When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires, among other things, that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." If "the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). When "damages are unspecified, the removing party bears the burden of establishing the jurisdictional amount by a preponderance of the evidence." Lowery v. Ala. Power Co., 483 F.3d 1184, 1208 (11th Cir. 2007).

The amended complaint does not state a specified claim to damages. (Doc. # 1-1 at 1). Instead, in its notice of removal, Defendant relied upon a pre-suit demand letter seeking the $600,000 policy limits and the $25,306.88 in past medical expenses Plaintiff had incurred to establish the amount in controversy. (Doc. # 1 at 6).

Upon review of the notice of removal, the Court was not persuaded that the amount in controversy has been satisfied. (Doc. # 15). Specifically, the Court concluded that the pre-suit demand letter was insufficient to establish that the amount in controversy exceeds $75,000 because it reflected mere "puffing and posturing." (Id.) (citing Lamb v. State Farm Fire Mut. Auto. Ins. Co., No. 3:10-cv-615-TJC-JRK, 2010 WL 6790539, at *2 (M.D. Fla. Nov. 5, 2010) (stating that demand letters and settlement offers "do not automatically establish the amount in controversy for purpose of diversity jurisdiction")). The Court also noted that Plaintiff had incurred only $25,306.88 in past medical expenses — far below the jurisdictional threshold — and "[a]ll other categories of damages, including pain and suffering and future medical expenses, are pure speculation because no specific information is provided to support such calculation." (Id.). The Court gave Defendant an opportunity to provide additional information to establish the amount in controversy.

Defendant has now responded to the Court's Order in an attempt to establish this Court's diversity jurisdiction. (Doc. # 19). But Defendant still fails to show by a preponderance of the evidence that the amount in controversy exceeds $75,000. Defendant has provided additional pre-

3

removal medical bills incurred by Plaintiff in the amount of $29,637.88. (Id. at 5; Doc. # 19-3). But these additional medical bills combined with the previously disclosed $25,306.88 in bills only total $54,944.76 in past medical expenses. This amount still falls far below the $75,000 threshold.

Defendant also provided Plaintiff's Civil Remedy Notice, which was filed before this action was initiated and seeks the entire policy limits. But this Civil Remedy Notice appears to be puffing and posturing like Plaintiff's demand letter and is generally unhelpful in the Court's amount in controversy analysis. See Jeffers v. State Farm Mut. Auto. Ins. Co., No. 3:09-cv-1097-MMH-JBT, 2010 WL 11623391, at *4 (M.D. Fla. July 19, 2010) ("[W]hatever impact the Civil Remedy Notice, as a precursor to a bad-faith-failure-to-settle claim, may have on future litigation, it says nothing, in that capacity at least, as to the amount in controversy, at the time of removal, of the present action."); Green v. Travelers Indem. Co., No. 3:11-cv-922-RBD-TEM, 2011 WL 4947499, at *3 (M.D. Fla. Oct. 18, 2011) ("Civil Remedy Notices say nothing about the amount in controversy. They are precursors to bad-faith-failure-to-settle claims that may be brought against an insurer in the future."). Thus, the Civil

Remedy Notice does not establish that the amount in controversy exceeds $75,000.

Likewise, Plaintiff's state court civil cover sheet is not evidence of the amount in controversy for purposes of determining federal jurisdiction. See Stempien v. Cent. Mut. Ins. Co., No. 8:22-cv-1815-VMC-TGW, 2022 WL 3367981, at *2 (M.D. Fla. Aug. 16, 2022) ("Central Mutual additionally asserts that the state court civil cover sheet may be used to determine the amount in controversy for removal purposes. However, the Court maintains that it will not consider the estimated amount of the claim from the state court civil cover sheet because that cover sheet states that the 'amount of the claim shall not be used for any other purpose' than the state court's 'data collection and clerical processing purposes.'" (citations omitted)); Bell v. Ace Ins. Co. of the Midwest, No. 2:20-cv-309-JLB-NPM, 2020 WL 7396934, at *3 (M.D. Fla. Dec. 17, 2020) ("To give the state civil cover sheet a substantive effect for purposes of the removal statute, as Plaintiffs argue the Court should do, would contravene the Supreme Court of Florida's own rule prohibiting the use of information in the cover sheet for any purpose other than the State's collection of data.").

Nor does Plaintiff's counsel's agreement "that the value of the claims [is] in excess of $75,000" establish the amount in controversy here. (Doc. # 19-1). "[A] plaintiff's mere concession that the amount-in-controversy exceeds $75,000 is insufficient because '[j]urisdictional objections cannot be forfeited or waived.'" Eckert v. Sears, Roebuck & Co., No. 8:13-cv-2599-SDM-EAJ, 2013 WL 5673511, at *1 (M.D. Fla. Oct. 17, 2013) (quoting Travelers Prop. Cas. v. Good, 689 F.3d 714, 718 (7th Cir. 2012)). "Allowing the parties to invoke jurisdiction by merely claiming in concert that the amount-in-controversy exceeds the jurisdictional requirement is 'tantamount to allowing the parties to consent to removal jurisdiction.'" Id. (quoting Wright & Miller, Federal Practice and Procedure Vol. 14AA, § 3702.1 (4th ed. 2013)). Thus, the Court does not credit the statement by Plaintiff's counsel.

Finally, the Court does not consider it appropriate to give Defendant yet another opportunity to establish that the amount in controversy is met. Defendant has had two opportunities to provide sufficient evidence to the Court but has failed. Thus, Defendant's request for an extension of time to provide further medical bills from Plaintiff's providers is denied.

6

In short, Defendant has not carried its burden of establishing this Court's diversity jurisdiction by a preponderance of the evidence. The Court, finding that it lacks subject matter jurisdiction, remands this case to state court.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

The Clerk is directed to **REMAND** this case to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, because the Court lacks subject matter jurisdiction. After remand, the Clerk shall **CLOSE** this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 18th day of October, 2023.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE